**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

**COLUMBUS CHRIS WILLIAMS ET AL.**                    **CIVIL ACTION**

**VERSUS**                                            **NO. 19-12929**

**TERREBONNE PARISH CONSOLIDATED**                    **SECTION "I"(2)**
**GOVERNMENT ET AL.**

## FINDINGS AND RECOMMENDATION

Plaintiff, Columbus Chris Williams, is a prisoner incarcerated in the Elayn Hunt Correctional Center in St. Gabriel, Louisiana. Plaintiff instituted the captioned suit on behalf of himself, his wife Mildred Parker Williams and their family, pursuant to 42 U.S.C. § 1983 against defendants Terrebonne Parish Consolidated Government and the Terrebonne Parish jail's medical department. Broadly construed, Williams's complaint alleges that he has developed vitiligo[1] as a result of the stress and depression caused by his repeated placement in custody by various Terrebonne Parish law enforcement officers beginning in 1987 or 1988, without having ever been legally and constitutionally arrested. Record Doc. No. 1, Complaint at pp. 3–7, Record Doc. No. 1-1, at pp. 1–2. He also asserts that medical personnel at the Terrebonne Parish jail did not tell him that the stress was causing the vitiligo. Id. He seeks monetary compensation for himself and his family. Id. at p. 8.

---

[1]Vitiligo is a condition in which white patches develop on the skin due to a loss of melanin. https://www.webmd.com/.

Mildred Parker Williams is listed by Williams as an additional plaintiff. She has not signed the complaint or provided a proper address as required under Fed. R. Civ. P. 11 and Local Rule 11.1. She also has not paid the filing fee or submitted a pauper application. The complaint merely states that Mildred Parker Williams intends to be a part of Williams's Section1983 suit.

By notice dated October 4, 2019, Record Doc. No. 2, the Clerk of Court required Williams to submit within twenty-one (21) days of the date of the notice the required form Section 1983 complaint, the filing fee or a completed and certified application to proceed in forma pauperis. Plaintiff was also directed to have all plaintiffs sign the complaint and either pay the filing fee or submit a pauper application and for plaintiff to provide names, addresses and phone numbers for the listed defendants. The Clerk of Court mailed the notice to plaintiff at the address he provided on the complaint.

On October 23, 2019, Williams wrote to the Clerk indicating that he would be mailing the requested documents and the full filing fee to the court on or before November 3, 2019. Record Doc. No. 3. To date, the Clerk of Court has not received any documents or the filing fee from Williams.

Rule 41(b) of the Federal Rules of Civil Procedure provides that a court may in its discretion dismiss any action based on the failure of the plaintiff to prosecute or comply with any order of the court. Hulsey v. Texas, 929 F.2d 168, 171 (5th Cir. 1991); McCullough v. Lynaugh, 835 F.2d 1126, 1127 (5th Cir. 1988); Brinkmann v. Dallas

County Deputy Sheriff Abner, 813 F.2d 744, 749 (5th Cir. 1987). In applying the sanction of dismissal, courts have traditionally considered the extent to which the plaintiff, rather than his counsel, is responsible for the delay or failure to comply with the court's order. Markwell v. County of Bexar, 878 F.2d 899, 902 (5th Cir. 1989); Price v. McGlathery, 792 F.2d 472, 474–75 (5th Cir. 1986). Since plaintiffs are proceeding in this case in proper person, it is apparent that this court must weigh their actions alone in considering dismissal of this action under Rule 41(b). A pro se litigant is not exempt from compliance with relevant rules of procedural and substantive law. Birl v. Estelle, 660 F.2d 592, 593 (5th Cir. 1981); Edwards v. Harris County Sheriff's Office, 864 F. Supp. 633, 637 (S.D. Tex. 1994). A pro se litigant who fails to comply with procedural rules has the burden of establishing excusable neglect, which is a strict standard requiring proof of more than mere ignorance. Kersh v. Derozier, 851 F.2d 1509, 1512 (5th Cir. 1988); Birl, 660 F.2d at 593.

The court has attempted through the Clerk's notice of deficiency to have plaintiffs provide the properly signed and completed complaint and the filing fee or a completed pauper application necessary to prosecute the case. Plaintiffs' failure to comply or fully respond to the notice clearly reflects a failure on their part to prosecute. This record of failure to comply with the clerk of court's notice and rules establishes a clear record of continuing delay or contumacious conduct, including the aggravating factor that it has been caused by and is exclusively attributable to plaintiffs themselves, justifying

dismissal.  See <u>Torns v. State of Miss. Dept. of Corrections</u>, 262 F. App'x 638, 639 (5th

Cir. 2008); <u>Raborn v. Inpatient Mgt. Partners, Inc.</u>, 278 F. App'x 402, 404–05 (5th Cir.

2008).

In an effort to afford plaintiffs one final opportunity to respond to the clerk's

notice of deficiency, I have issued these findings and recommendation to the presiding

United States District Judge.  Typically, I encourage a dilatory plaintiff to submit the

requested paperwork and either the filing fee or the certified pauper application with any

response to my Findings and Recommendations.  However, Christopher Columbus

Williams is not eligible to proceed as a pauper because of his history of frivolous filings

in contravention of the three-strikes bar under the Prison Litigation Reform Act

("PLRA"), Pub. L. No. 104–134, 110 Stat. 1321 (1996), codified at 28 U.S.C. § 1915(g).

Because he has had nine cases previously dismissed as frivolous in this court, Williams

already has been denied pauper status under this rule.  See, e.g., <u>Williams v. Terrebonne</u>

<u>Parish Consol. Gov't</u>, C.A. No. 04-1255 "K"(1) (pauper status denied under the three-

strikes rule); <u>see also</u>, <u>Williams v. Terrebonne Parish Sheriff's Office</u>, C.A. No.

06-4293"C"(3) (frivolous); <u>Williams v. Terrebonne Parish Dist. Attorney's Office</u>,C.A.

No. 04-1195"T"(5) (frivolous and failure to state a claim); <u>Williams v. Terrebonne Parish</u>

<u>Consol. Gov't</u>, C.A. No. 04-1190"F"(5) (same); <u>Williams v. Larpenter</u>, C.A. No. 02-

0495"K"(5) (frivolous); <u>Williams v. Terrebonne Parish Consol. Gov't</u>, C.A. No. 02-

0443"K"(5) (same); <u>Williams v. Larpenter</u>, C.A. No. 01-3733"R"(1) (same); <u>Williams</u>

4

v. Larpenter, C.A. No. 01-3732"M"(4) (same); Williams v. 32nd JDC, C.A. No. 01-3731"F"(1) (same); Williams v. Larpenter, C.A. No. 01-3697"F"(2) (same). Williams does not allege nor is it conceivable that he is in imminent physical danger. Therefore, he will be required to pay the filing fee if he chooses to prosecute this case.

Plaintiffs are advised that they may object to the Magistrate Judge's proposed Findings and Recommendation within fourteen (14) days from the date of service of this report. Plaintiffs also are advised that any objection should be in writing and filed with the Clerk of the United States District Court, Eastern District of Louisiana, 500 Poydras Street, New Orleans, Louisiana 70130, on a written document containing the caption of this lawsuit. It is suggested to plaintiffs that any objection should contain a short summary of the reasons that they failed to comply with the notice of deficiency. It is further suggested that they should also provide the court with the filing fee requested in the notice of deficiency as detailed above.

Failure to file written objections to the Magistrate Judge's Findings and Recommendation may and probably will result in dismissal of this suit. A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that

such consequences will result from a failure to object.  Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc) (citing 28 U.S.C. § 636(b)(1)).[2]

## RECOMMENDATION

**IT IS RECOMMENDED** that, if plaintiffs do not file written objections to these Findings and Recommendation, the complaint as to all plaintiffs and claims be dismissed with prejudice for failure to prosecute.

New Orleans, Louisiana, this _____18th_____ day of November, 2019.

JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE

---

[2]Douglass referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.

6